Opinion issued March 15, 2007












In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01131-CR






WALTER CLIFFORD BECK, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 1017950






MEMORANDUM OPINION

 Appellant Walter Clifford Beck was convicted by a jury of aggravated robbery,
a first degree felony. See Tex. Pen. Code Ann. § 29.03 (Vernon 2003). Appellant
pleaded true to an enhancement for a previous conviction for manufacture of a
controlled substance and not true to an enhancement for a previous conviction for
robbery, which the jury later found true. The jury assessed punishment at
imprisonment for 65 years. Appellant brings five points of error, challenging the
admissibility of his confession (point one) and the legal and factual sufficiency of the
evidence (points of error two, three, four, and five). We affirm.

 Appellant told the jury that he came to the victim's apartment to buy
marihuana, not to rob the victim. While there, appellant testified that two men
entered and began shooting. Appellant testified that he was able to escape, but only
after being shot in the leg. He then went to a grocery story, where he was shot in the
abdomen. Appellant received medical attention for these gunshot wounds, but was
arrested for robbery several days later when he returned to the hospital to have a stint
removed.

 In point of error one, appellant contends the trial court abused its discretion in
overruling his motion to suppress the evidence of his confession during a custodial
interrogation. Appellant testified during the suppression hearing that while he told
the police during his interrogation that he participated in the robbery, this confession
was untrue and was given (1) to protect his family and (2) because he needed
continued medical attention for his gunshot wound. On appeal, appellant contends
the confession was involuntary because the police allegedly withheld continued
medical attention for appellant's gunshot wound, thus violating his Fifth and
Fourteenth Amendment rights.

 When reviewing a motion to suppress, the appellate court must give great
deference to the trial court's findings of facts. Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997). Mixed questions of law and fact that do not turn on an
evaluation of a witness's credibility and demeanor are reviewed de novo. Id. The
appellate court should sustain the trial court's ruling admitting the evidence if the
ruling is reasonably supported by the record and correct on any theory of law
applicable to the case. Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). 

 During the suppression hearing, appellant never claimed that the police officers
explicitly threatened to withhold continued medical treatment. Instead, appellant
testified that he "felt like they weren't going to get me no medical attention" and
"they manipulated a situation." Houston Police Officer Mark Newcomb testified at
the hearing that he consulted with the medical staff at Hermann Hospital to ensure
appellant would have no need for immediate medical attention if appellant was
arrested. Based on appellant's and Officer Newcomb's testimony, the trial court had
a reasonable basis to find that the police did not withhold continued medical
attention. The trial court's ruling is reasonably supported by the record, and the
confession is consistent with the State's legal theory of the case. See Willover, 70
S.W.3d at 845. Accordingly, we hold that the trial court did not abuse its discretion
in overruling appellant's motion to suppress his confession. We overrule point of
error one.

 In points of error two, three, four, and five, appellant challenges the legal and
factual sufficiency of the evidence to show that he--either as a principal (points two
and three) or as a party (points four and five)--ever obtained or maintained control
of the $600.00 in rent money that was taken from the victim's apartment. Appellant
specifically claims that the evidence is insufficient because there was no evidence at
trial that the $600.00 was owned by the victim, as opposed to the other people living
in the apartment who contributed to the rent. The standard for reviewing the legal
sufficiency of the evidence is whether, after reviewing the evidence in the light most
favorable to the verdict, any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
318-19, 99 S. Ct. 2781, 2788-89 (1979). The standard for reviewing the factual
sufficiency of the evidence is whether, after considering all of the evidence in a
neutral light, the jury was rationally justified in finding guilt beyond a reasonable
doubt. Watson v. State, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006).

 The definition of the offense of robbery incorporates the elements of theft. See
Tex. Pen. Code Ann. § 29.02(a) (Vernon 2003). A person commits theft if he
"unlawfully appropriates property with intent to deprive the owner of property." Tex.
Pen. Code Ann. § 31.03(a) (Vernon Supp. 2006). The Penal Code defines "owner"
to mean a person who "has title to the property, possession of the property, whether
lawful or not, or a greater right to possession of the property than the actor." Tex.
Pen. Code Ann. § 1.07(a)(35) (Vernon Supp. 2006). The victim testified at trial that
the stolen $600.00 was in the top drawer of a bedroom dresser in his apartment. No
contrary evidence was admitted. The victim's testimony is evidence that is both
legally and factually sufficient to show the victim had a greater right to possession
to the $600.00 than appellant, thus establishing the victim as the owner of the
$600.00. Accordingly, we overrule points of error two, three, four, and five.

 We affirm the judgment of conviction.



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).